IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **YUHANNA ABDULLAH SHERRIFF,** ) <br> # 38343-177, ) <br> Petitioner, ) <br> vs. ) <br> ) <br> **M. UNDERWOOD, Warden,** ) <br> Respondent. ) | <br><br><br>No. 3:19-CV-1579-G (BH) <br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on July 1, 2019. (*See* doc. 3.) Based on the relevant findings and applicable law, the petition should be **DISMISSED** without prejudice.

### I. BACKGROUND

Yuhanna Abdullah Sherriff (Petitioner), a federal prisoner detained at the Federal Correctional Institute in Seagoville, Texas (FCI-Seagoville), claims that he subjected to "cruel and unusual punishment in violation of the Eight Amendment" because he "denied access to medical treatment and screening after being exposed to cancer causing asbestos and breath-taking mold" at that facility. (*See* doc. 3 at 2, 13.)[2] He also claims that the Federal Bureau of Prisons (BOP) "[does] not comply with the regulations prescribing the administrative remedies by the Attorney General under 28 CFR §§ 542.01 et seq." (*See id.* at 14-15.) Expressly proceeding under § 2241, he seeks a finding that FCI-Seagoville does not follow the required BOP administrative remedies procedure, an order requiring that he receive medical treatment for his exposure to asbestos and mold, and

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for full case management, including determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

immediate release from prison. (*Id*. at 1-2, 15-16.) No process has been issued.

## II. ANALYSIS

Section 2241 states, in relevant part, that a habeas petitioner may be granted relief only if the he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner can utilize habeas corpus proceedings only if he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 - 88 (1973); *see also Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir.1979) (stating that the "sole function" of a habeas petition is relief from unconstitutional custody, and "it cannot be used for any other purpose") Conversely, "habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." *Granville v. Hunt*, 411 F.2d 9, 12 (5th Cir.1969). Allegations complaining of the rules, customs, and procedures affecting conditions of confinement or treatment of prisoners are properly brought in a civil rights action. *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir.1987). "If a favorable determination . . . would not automatically entitle [the petitioner] to accelerated release," the proper course for the petitioner is a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 - 21 (5th Cir.1997).

The § 2241 petition does not allege that Petitioner is in custody in violation of the Constitution or laws or treaties of the United States. He complains of the lack of medical care at his prison facility, and that BOP does not follow its internal administrative remedy procedures. Because Petitioner complains only of the conditions of his confinement, and a favorable determination would have no effect on his projected date of release, his claims are not cognizable under § 2241. If Petitioner seeks to challenge the alleged failure of the BOP to provide medical care, or employ adequate internal procedures, he must raise his claims in an appropriate civil action and pay the

applicable filing fee.

The Prison Litigation Reform Act ("PLRA") requires <u>all</u> prisoners who bring a civil action to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1).[3] A prisoner who is granted leave to proceed *in forma pauperis* will still have to pay the filing fee, but he will be allowed to pay it in installments, which will be automatically withdrawn from his inmate trust account. Because of the $400.00 filing fee, Petitioner's § 2241 petition is not liberally construed as a new civil case at this time.

The Clerk's Office is **INSTRUCTED** to forward Petitioner a copy of the standard forms for filing a civil complaint and a complaint under 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*.

### III.  RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED** without prejudice to properly raising his claims in a separate civil action.

**SO RECOMMENDED** on this 30th day of July, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE